10906

### RABY INC. v. MARLBORO COTTON MILLS
#### (112 S. E. 920)

PLEADING—IN ACTION FOR BREACH OF CONTRACT OF SALE, ALLEGATIONS OF OTHER CONTRACTS STRICKEN OUT AS BEING IRRELEVANT.—In an action for breach of a contract to sell a quantity of yarn to plaintiff, it was proper to strike out as being irrelevant that part of the defendant's answer alleging contracts between the parties prior to the contract sued on; there being no allegations of damages resulting from these contracts.

Before McIver, J., Marlboro, August, 1921.   Affirmed.

Action by Thomas Raby, Inc., against Marlboro Cotton Mills. From order striking out portions of the answer defendant appeals.

*Messrs. McColl & Stevenson,* for appellant, cite: *Pleadings should be liberally construed:* Code Proc. 1912, Sec. 209. *Defendant must plead all his defenses:* 9 S. C. 281. *Relevancy of allegations:* 60 S. C. 370; 73 S. C. 21.

*Messrs. Benet, Shand & McGowan,* for respondent, cite: *Where negotiations are reduced to a definite contract parol evidence of negotiations is inadmissible:* 97 S. C., 278.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from an order striking out a part of defendant's answer.   The plaintiff sued the defendant for damages on account of the alleged breach of a contract of sale whereby the defendant agreed to sell and deliver to the plaintiff a certain quantity of yarn at a certain price, deliverable as soon as possible, dated May 12, 1919.

The defendant's answer contained allegations of certain contracts between the parties prior to the contract sued upon, which the answer showed were merged in the contract of May 12, 1919, upon which suit was brought, and

voluntarily abandoned by the defendant. The defendant does not set up any damages resulting from such contracts, as a counterclaim, and the allegations relating to them are irrelevant to the issues in the case based upon the admitted contract.

The Circuit Judge was right in striking out the objectionable allegations of the answer, and it is accordingly affirmed.